Good morning, Your Honors. May it please the Court, I'm Joshua Davidson, Assistant Utah Solicitor General on behalf of the Appellant, Trooper Chamberlain Neff. The District Court erred in denying summary judgment on qualified immunity grounds to Trooper Neff, and this Court has appellate jurisdiction over this appeal from the District Court's clarified order. To begin, the appeal is timely. The District Court's clarified order started the appeal time anew, and the clarified order substantially and materially changed Trooper Neff's legal rights and obligations, which had previously been settled in the original order. For that reason, the clarified order is appealable. This Court can reach the reasonable suspicion issue, even though the District Court's analysis of that issue was not revised in its clarified order. All of the issues are interrelated and dependent. Reasonable suspicion is a predicate issue to the false arrest and unlawful seizure claims. And the only way to vindicate Trooper Neff's rights, which had been settled, is to include review of reasonable suspicion. The District Court's clarified order necessarily put its analysis of reasonable suspicion back into play. Next, this appeal presents reviewable questions of law. It does not require the Court to impermissibly second-guess the District Court's determinations regarding evidence sufficiency or that disputed factual issues exist. Trooper Neff accepts as true the universe of facts and the facts in the view most favorable to plaintiff. Well, Counsel, let me just stop you there. Isn't that the whole problem from your perspective is that essentially there wasn't a decision on any factual issue? Isn't that your claim? That there wasn't any decision on the factual issue? On the facts, yeah. The facts are all disputed, so this has to go to a jury. Isn't that what you're arguing against? Oh, arguing against? No. We're saying that notwithstanding the universe of facts, we're still entitled as a matter of law to qualified immunity, even if the facts that Lennon denied drinking, that Lennon disputes that he had watery and glassy eyes, that Lennon claims that hours after his arrest he blew 0.0 BAC before being released from jail, that Lennon, that Trooper Neff stated after the fact that now that I got a DUI, maybe UHP administration will get off my back. Notwithstanding all of these facts, we are entitled to qualified immunity as a matter of law. Well, what if the jury said we don't believe Trooper Neff? We think that he was just out there trying to get a drug bust. We have five officers at a stop for not moving over a lane. We're running a dog around, presumably not to smell alcohol, but something else. And as you mentioned, now they'll get off my back comment, as well as other things, which include the video shows that Mr. Neff walked back to the car with no problems. And the list goes on, enough that the district court said, e, there's enough here that perhaps the jury's not going to believe a word that Trooper Neff says. And if that's the case, then why is this not going to the jury? For two reasons, Your Honor. First, the idea that Trooper Neff smelled nothing is blatantly contradicted by the record. He repeated inside and outside. You say blatantly contradicted, and now we're getting kind of legal because you're going to Scott versus Harris, where that term is used. But totally different circumstances, where the appeals court had said that there were no people involved who could have been injured during this car chase or something. And then the video shows there are all kinds of people and swerving around corners and everything else. Simply because the Trooper Neff says, have you been drinking? That is not blatantly contradicting what the district court found. It's not. No, but the idea that he smelled nothing is blatantly contradicted because Lennon agrees that he smelled something because he offered an excuse for the smell, namely his certs breath mints. But also, you know, the criteria, these facts, which the district court has used to backfill the inference of deliberate indifference, under this court's settled case law, are not part of the constitutional analysis of reasonable suspicion. You know, with respect, you know, to the merits, for qualified immunity, Trooper Neff only needs arguable, reasonable suspicion. And that is, if any officer would have thought that that indicia rose to the level of reasonable suspicion, he's entitled to qualified immunity. And then under this court's decision in Wilder v. Turner, a reasonable officer would believe that those indicia amounted to reasonable suspicion. In Wilder, the officer noticed a faint odor of alcohol, pinkish and watery eyes, slow and deliberate speech, I think also a flushed face and slow hand movements. And there, this court held that those indicia amply supported reasonable suspicion. Big, big difference. Go ahead. Big, big difference. In Wilder, the driver acknowledged having been drinking. That didn't happen here. I understand that, Your Honor. But here, what the court said in Wilder was that those indicia, the ones I listed, amply supported it. Also in Wilder, it's noted that the driver got out of the car fine and the driver walked fine. So, you know, if the indicia in Wilder amply support reasonable suspicion, then the indicia observed by Trooper Neff, that he smelled the car on initial contact, excuse me, his truck, that he observed or perceived alcohol emanating from Linnan's body while Linnan sat right next to him, that he had watery and glassy eyes, he had slow and deliberate speech. Those indicia, if not reasonable suspicion, are certainly arguable reasonable suspicion. Well, I guess that that's, we'll start from there, that there is arguable reasonable suspicion based on what you just listed. I think what Judge Phillips brings up is the district court here thought there was a credibility problem with, or perhaps, with what the trooper said. I mean, you're starting from, we're going to take the fact, yes, there are watery eyes, there's this, there's this, there's this. But those are based on the officer's observations. And I think what the district court was saying is maybe we just can't take those at face value. Can I get you to respond to that? Well, yes. First of all, an officer is not required to take at face value a suspect's denials or a suspect's innocent explanations. We know that most recently from the U.S. Supreme Court's instruction in Wesby that said, hey, you don't have to dispel every innocent explanation, you don't have to take at face value the denial. What about questioning the officer's credibility? It's not whether the officer has to take what the person pulled over said, it's do we have to take what the officer said as true? That seems to be your starting point. So that's what I'm trying to get you to focus in on. Well, the officer, you know, under Wilder had, these indicia were arguably reasonable suspicion, so he's entitled to qualified immunity. The fact that Lennon denied them does not mean that reasonable suspicion is automatically dispelled. You're missing the point, I'm afraid. I think my colleagues did. Okay. So let me ask the same question I think they've asked. Why couldn't the jury disbelieve Neff when he said he smelled alcohol? Isn't there enough here that a reasonable juror, after seeing them appear before them, so they have that additional indicia of credibility, why couldn't they say, I don't believe you, Officer Neff? Why couldn't they say that? And that's the whole issue here. And to prevail, you have to say that for the jury to find that would be totally inconsistent with the record. And it seems to the district judge it was consistent with the record, and we defer to that. Well, the district court, with the question of fact the district court set up, which was did Lennon have water in glassy eyes, and did Trooper Neff smell alcohol, those questions of fact cannot be the questions of fact that go to a trial on qualified immunity, because it doesn't play into mistake. In qualified immunity, an officer is qualified immune even if he was mistaken. So the issues that you set up, did he in fact smell alcohol, did he in fact have water in glassy eyes, those are not the questions that can go to a jury, because it discounts that an officer can reasonably believe or be mistaken that there was water in glassy eyes. You seem to be saying that a jury has to believe what the officer tells them. He thought. And what if they say, you're saying that, maybe you actually thought that even though you're wrong, but we think you're lying. Why couldn't the jury do that? Well, first of all, qualified immunity is an immunity from suit. So if every time a driver says, no, I didn't do that, if that brings into the credibility issue of the officer and therefore precludes summary judgment, it guts the entire. It's not every time. We've already given you some of the factors here that the district court relied on that are not every time. And so I don't think it's a proper response to say, well, if we go with what you're suggesting, then we'll have to have a trial every time that the defendant disagrees with the officer. We have all of these other facts. Let me ask you this. If there were some way that we knew that the officer had, and not in this case, another case, that an officer said, watch this, I'm going to pull over the next person driving a red car, and I'm going to claim that that person has been drinking, and then we're going to run them through some field sobriety tests, you would say that the officer gets qualified immunity in that instance, wouldn't you, based on what I've heard so far? No, I wouldn't, because qualified immunity does not extend to people who knowingly violate the law. And there we go, which is the jury could determine that here based on the facts we've given. And if the jury determines that the officer knowingly violated the law, no qualified immunity. Right or wrong? If that jury determined that he knowingly violated the law, but that is not the question that this district court phrase is the question for preventing qualified immunity. And in any event, that's not a reasonable inference based on the dash cam recording, because Officer Neff stated to other officers inside and outside of Lennon's presence, I believe I smell alcohol. And unless you believe it's reasonable that an officer would sit there and lie to other officers, that's not a reasonable inference. I mean, I'm sure there are cases where the dash cam video does show that the officer said, hey, I'm going to get him, or I smell nothing, but I definitely am going to get him for something. That would be a case where it was a knowing violation. But there is no such record here, and that's not a reasonable inference to make based on the record before the district court. Let's follow up on the, I finally got a DUI, so now they'll get off my back comment. Right. So motivation, we know from this court's case law that motivation doesn't play a part in the reasonable suspicion analysis. If the officer had objectively particularized and objective grounds, then his mixed motivation, you know, doesn't claim to count. Like this court's case law makes it clear that motivation plays no role in the reasonable suspicion analysis. So it's a motive to lie, is it not? Is what a motive to lie? It's a motive to lie. This will get them off my back. So I will lie and arrest. He started out by getting a drug dog around the car. Doesn't that suggest to you that he wanted to search that car? He wanted to be searched for some reason? It suggests to me that he smelled something immediately upon entering the car. Not alcohol. He never said he smelled something else. I've never heard of a drug dog for alcohol. Maybe I'm wrong about that. I don't believe drug dogs smell for alcohol either. But I think that, A, it's a routine stop. In any stop, it's not unlawful for the officer to summon a drug sniffing team. Secondly, the court failed in its clearly established analysis. Both Linnan and the court said it's clearly established that you have to have reasonable suspicion to extend the stop. But that is way too general of a level. The Supreme Court has repeatedly instructed not to define it. Here it would be whether every reasonable officer who saw those indicia and where the driver denied it, whether he would know that he would not be able to proceed. And there is no case law that puts that beyond the realm of debate. I'd like to take my last 30 seconds. Good morning, and thank you, Your Honors. Daniel Bozinski representing the appellee, Rex Linnan. You woke us up with your glasses. I appreciate that, Your Honor. Thank you. There are two jurisdictional issues that require this court to affirm the lower court's ruling. The first is that this appeal was not timely. The second being that on an interlocutory appeal on qualified immunity, the court is generally required to accept the lower court's rulings as the factual findings. Appellant's appeal is premised on a different factual findings than the lower court's findings, mainly that Officer Neff couldn't have lied, that he was just reasonably mistaken in detecting the odor of alcohol, which requires analysis of whether the record deliberately or blatantly contradicts that factual finding, and that's a heavy burden, and that hasn't been reached in this case. Addressing the timeliness of the appeal, the lower court originally addressed qualified immunity back in August 2016. In that ruling, the lower court determined that there wouldn't be qualified immunity as to the expansion of the traffic stop, but that there would be qualified immunity as to the false arrest and the subsequent inventory search. After some motions on damages, the lower court then clarified its order in September of 2017 and conditioned qualified immunity on the false arrest and on the inventory search on whether the original expansion of the traffic stop was lawful in October of 2017, appellant's appeal. So, Your Honor, to begin, the issue of whether qualified immunity or Officer Neff is entitled to qualified immunity on the expansion of the traffic stop, that was addressed and hasn't been altered since August of 2016. There is a jurisdictional deadline to file appeals, pursuant to Federal Rules of Appellant Procedure 4, which says that there's 30 days to appeal, and the appellant hasn't appealed that issue timely. Now, appellant relies on FDC v. Minneapolis-Honeywell to expand the period of repose, arguing that the clarified order altered the legal rights. But the sole issue that was altered in that clarifying order was conditioning qualified immunity of the false arrest and the inventory search. There wasn't any alteration to the determination of or denial of qualified immunity as to the initial expansion of the traffic stop. Well, didn't the trooper lose something with the clarified order? He wasn't in the same legal position as before it, right? True, Your Honor. So there has been an alteration as to his rights regarding qualified immunity as to the false arrest and the inventory search. It's now conditioned on the original expansion being lawful. But that issue has not been brought on this appeal. They haven't argued why or why not qualified immunity on the false arrest and inventory search shouldn't be conditioned on a lawful expansion of the traffic stop. They have instead addressed issues that were resolved back in August of 2016, which is qualified immunity as to the inventory search and then false arrest and the expansion of the traffic stop. So there has been an alteration of the rights, but Appellant hasn't addressed those in this appeal. Yes, they have. Yes, Your Honor. Yes, they have. They're saying we should be granted qualified immunity on, as we were before, on these two other claims. And to get there, we need to argue some stuff that relates to a third claim. They could say you could still try us on that non-lawful stop claim. You could still proceed on that claim, if you insist. But we were granted qualified immunity on two other claims before, and now we're not, and we're appealing them. Why can't they do that? Sure, Your Honor. So I think there's two points there. So as to the denial of qualified immunity as to the expansion of the traffic stop, that hasn't been altered. Their right has been altered as to qualified immunity on the false arrest and the inventory search. But they haven't argued why conditioning both of those qualified immunities on the initial expansion of traffic stop being lawful, why that was inappropriate. They have instead asked that this Court grant qualified immunity on false arrest based on the evidence in front of Officer Neff, and grant qualified immunity on the inventory search based on the evidence in front of Officer Neff. But the lower court already granted qualified immunity as to those. The lower court essentially determined that if the expansion of the traffic stop was lawful, there is sufficient evidence for Officer Neff to arrest, and therefore sufficient evidence for Officer Neff to search through the vehicle. It then came back and said, well, if it's found unlawful, then you wouldn't necessarily grant a qualified immunity. They haven't addressed that clarifying point. They've instead gone back and asked for qualified immunity that's essentially already been granted. So they have addressed the false arrest and inventory search, Your Honors, but they haven't really addressed the issue that was brought up in the clarifying order. You're resting this on the fact that the plaintiff has a third claim for unlawful expansion of the stop. Correct, Your Honor. What if that wasn't one of the claims? What if the third claim was a First Amendment retaliation claim, and the judge had done exactly what it did here, and initially granted qualified immunity on the false arrest and inventory search claims, and then said, well, you know what? I think maybe I shouldn't have granted qualified immunity on those because I think the stop was unlawfully extended, and these other two claims are fruits of that unlawful extension. In that circumstance, would they have the right to appeal? Yes, and I'm not saying that they don't have the right to appeal. I mean, to an interlocutory appeal. Exactly, Your Honor. Would they not have a right to an interlocutory appeal if the third claim were a First Amendment retaliation claim? I think they would have the exact same right to appeal as they have in this case. The issue is they haven't addressed that specific issue, the issue that was brought up in the clarifying order. Well, that's because that issue wasn't relied on by the district court in granting them qualified immunity on claims two and three. It seems to me you're saying they can't get an interlocutory appeal on claims two and three because of the fortuitous circumstance that claim one was a claim of unlawful expansion of the stop as opposed to some other third claim. I've said, for example, First Amendment retaliation, and that seems strange to me that the fact that your client brought the alleged unlawful expansion of the stop as an independent claim is what deprives them of being able to get an interlocutory appeal on claims two and three. I don't see why that should happen. Sure, Your Honor. Perhaps I'm not explaining myself. No, I think I understand totally because they're not challenging the second step in the district court's analysis, which is assuming the expansion of the stop was okay, then the arrest and the inventory search were okay. Yes. Those rulings stand. But the judgment on the claims, the ultimate decision on the second and third claims is being set aside for a ground which happens to be the basis of a third claim, but there's no reason why it had to be the basis of a third claim. So what? Sure, Your Honor. So what I'm trying to say is that they are entitled to an appeal, but I think that their appeal is limited to a very small issue. Why? Because it's the only issue that has been altered in this clarifying order. And just to take a step back, Your Honor, none of the parties asked the lower court to issue a clarifying order. This was a motion on damages and whether the way that the lower court had structured qualifying immunity would entitle the appellee to just damages for the time from the expansion of the traffic stop to the arrest or the full traffic stop, arrest, and inventory search. The court's response issued a motion to clarify. So the structure of it, well, let me take that. Well, what is the small issue? You just said there's a small issue they'd be entitled to appeal. Can you state that so that I understand what you're saying? Yes, Your Honor. So the lower court in its clarifying order said that the only difference between the two orders is qualified immunity on the false arrest and qualified immunity on the inventory search, which had been previously granted in full with no conditions, would now be conditioned on whether the expansion of the traffic stop was lawful. So that issue was altered, and they would have the right to appeal that issue. But they haven't addressed that issue in their appeal. They have instead gone back and essentially reiterated their arguments that they brought in their motion for summary judgment on qualified immunity. But that motion was already granted. They are entitled to qualified immunity on the arrest and on the inventory search if the original expansion of the traffic stop was lawful. They haven't argued why qualified immunity shouldn't be conditioned. It's essentially the point. Let me give you my hypothetical again. Yes. Say there was no claim, your client was not bringing a claim, a separate claim for unlawful expansion of the traffic stop. And the court originally granted the defendants qualified immunity on the unlawful arrest and unlawful inventory search claims. Then the judge thinks about it some more and says, no, I'm not going to give you qualified immunity on claims two and three. I would think the decision has changed. Now you can appeal. You won on those claims before. Now you haven't won. It seems to me your argument against allowing an appeal depends on the fact that you had a separate claim for unlawful expansion of the traffic stop. And I don't see why that should make a difference. I don't think that that has anything to do with their rights to appeal the second and third claims. I think that that's a completely separate issue. Okay. So in your view, we have to have a third claim so we don't have a final judgment. So the first claim had nothing to do with the traffic stop, say. So if a judge initially says, I'm granting you qualified immunity, there was nothing wrong with the arrest or with the inventory search. And then later changes his or her mind and says, no, I think you're not entitled to qualified immunity because both the arrest and inventory search were fruit of an unlawful expansion of the stop. At that point, the only thing that can be appealed when you're challenging qualified immunity is? It would be exactly the same thing. They would still be entitled to challenge that denial of qualified immunity. The difference in your hypothetical in this case is that the court determined that they are still entitled to qualified immunity on those two claims. The question, there's just a prerequisite now. Oh, that's a big deal. You have to go through trial on those claims now. No. And I agree, Your Honor, that there wasn't alteration to their right. But the question on appeal now becomes, was that prerequisite appropriate? And they haven't addressed that question in their appeal is the argument that I'm making. Counsel, can I just, I'm sorry. So you're just saying in 2016, essentially, the district court said, here, I've got problems with reasonable suspicion, but you get qualified immunity on these other things. And they should have brought the appeal on the reasonable suspicion at that time. Yes, Your Honor. Okay. Can I get you to address, because you have a minute and 36 seconds, your opposing counsel's argument that basically, under your argument, all your client would have to do is allege you should not believe the officer. And then so every single qualified immunity has to go to the jury. That's the basic argument. Can you address that? Sure, Your Honor. And I think the court has kind of addressed that these are unique facts for a traffic stop. We've got an officer saying some concerning statements during the traffic stop. Well, is that what makes the difference are the concerning statements? That's where I'm trying to get you to draw the line. What makes your case different? In the concerning statements, is that what makes it different? It's one factor, Your Honor. The other factor is that Mr. Linnan didn't exhibit any signs of intoxication in his speech or in his movements. At least, it's a question of fact. And then subsequently, I'm sorry, Your Honor. Well, there's no confirmatory dash cam video here. Is that also? Exactly. So at least in terms of the appeal, this court can only go back and reverse findings of fact if it's blatantly disregarded. And by this court's own words, it's a very high standard. Usually, you require video evidence to establish that this fact, in fact, did happen. In Cordero v. Frost, we had a case where the lower court found that a plaintiff's witness who said that an individual who was shot while in his handcuffs was sufficient to present a question of fact to the jury. This court considered the fact that there was video evidence, audio evidence, and physical evidence that suggested that he wasn't in handcuffs. But because there wasn't anything that definitively contradicted that plaintiff's testimony, this court still found that that didn't meet the standard. It's the same thing in this case, Your Honor. The video evidence cannot blatantly contradict or cannot establish the fact that Mr. Neff smelled alcohol. It seems to me that what a penalty is arguing is there's a question of fact here as to whether alcohol was detected or not. And there could be two conclusions, one, a mistaken belief that there was the odor of alcohol, or that Officer Neff lied. That's a question that should be presented to the jury, and it's not an appropriate question for this court to address on appeal. That's all my time, Your Honor. If you have any questions, I will conclude. Thank you. Quickly with respect to jurisdiction, Honeywell says it's a practical test. It's nothing formulaic. Here the landscape completely changed. It went from being immune from the cost of action raised to potentially being liable for a few moments, for which he accrued no actual damages. So, you know, if the order that people appealed from were not appealing from statements or something, in order here, the clarified order completely changed the landscape, and we're appealing from that order. Did it completely change the reasonable suspicion landscape? I guess I just want you to focus in on what you're saying. So there's two claims in their complaint, false arrest, and there's not three separate claims in the arrest. So part of the false arrest claim was unreasonable suspicion and probable cause. It's all jumped into one claim. We were granted immunity from the false arrest. Here, in order to vindicate his rights, you have to necessarily readdress the court's thing. Otherwise, notwithstanding the change, you can't get it. Here there was no damages, so it wasn't really something that needed to be appealed because all of his other conduct was immune. So here now he's going back to trial on issues he previously had been immunized from. This court can reach the reasonable suspicion analysis. Thank you very much. That's my time. For the reasons stated, as well as those in our brief, please reverse. Thank you.